**No. 826**

**First Circuit**

---

**CAILLOUET & CAILLOUET ET AL. v. BOUVIER**

---

(June 16, 1931. Opinion and Decree.)

---

Caillouet & Caillouet, of Houma, and Howell & Deramee, of Thibodaux, and Francis L. Knobloch, of Thibodaux, attorneys for plaintiffs, appellees.

Harvey Peltier, of Thibodaux, attorney for defendant, appellant.

ELLIOTT, J. Louis Bouvier is one of the defendants in two petitory actions brought by the heirs of Joseph Cherami and Gertrude Michel, his wife, to recover from them each portions of a large tract of land now subdivided into sections confirmed to Joseph Cherami by the government of the United States, based on a Spanish grant. One suit is entitled Mrs. Antoinette Cherami, wife of Vallery Breaux et al. v. William Cantrelle et al., No. 6119 on the docket of the district court.

The other is entitled Mrs. Antoinette Cherami, wife of Vallery Breaux et al. v. Ernest Guidry et al., No. 6120 on the docket of the district court. The defendants in both suits, seventy-five in number, met and joined together in forming a defense committee to employ attorneys to represent them in the suit brought against them. The defendant Bouvier entered into the agreement as one of the defendants in appointing the committee, and the committee employed the plaintiffs for the purpose stated. The plaintiff attorneys claim of the defendant Bouvier $471.57 as due them by him under the agreement entered into, fixing the sum they were to receive for their services as attorneys for defendants in the case.

The lower court decided in favor of the plaintiffs. Defendant has appealed.

The defendant claims that he is not liable for the amount claimed of him. He sets up in his answer the following defense:

"Your respondent shows that at the time he signed the power of attorney he did not own any land in the sections and townships involved in the litigation and that it was also understood by the attorneys at the time of their employment that your respondent did not have any land in the sections, township and ranges involved in the litigation in said suits."

In another place he says:

"It was well understood that your respondent would only pay a fee to have the suit dismissed and that the fee to be paid by him for said services would not be similar to the fees paid by the other defendants, who would have to fight the case on its merits."

And in another:

"But your respondent shows that the suit insofar as your respondent was concerned, was dismissed by plaintiffs when it became known that they had inadvertently included your respondent as a defendant in the litigation, when in truth and in fact your respondent did not even own land in the sections involved at the time the suit was filed."

The defendant Bouvier urges as an exception against plaintiffs' petition that it sets out no cause of action, and urges it in his brief, but the minutes of the lower court do not show that it was ruled on by the lower court. The exception not having been ruled on in the lower court, there is no ruling to review, and we cannot consider the matter.

As for the defenses urged in the answer, the record shows that neither Bouvier nor the plaintiff attorneys had knowledge, at the time of the employment, that the land called for by the title of the defendant Bouvier was not included in the sections claimed by the Cherami heirs. The evidence shows that it was believed that it was part of the land called for by those sections, and that it was not until after Bouvier's title had been examined that it was discovered that it was not part of any of the sections claimed by the plaintiffs. As for the defense that the plaintiffs in the suit had inadvertently included Bouvier's land in their claim, the evidence shows that Bouvier was alleged by the plaintiffs to be in the wrongful possession of "approximately 300 arpents of land, bounded below by the lands in the possession of Louis Barrios and above, by the lands in the unlawful possession of Eitenne Daviet and W. H. Ragan, and fronting on the left descending bank of Bayou Lafourche."

Everything indicates that Bouvier's land was purposely and intentionally claimed by the plaintiffs. But after full investigation of the Cherami grant and confirmation and the title of Bouvier, the plaintiffs discovered that his land was not embraced within the limits of the land confirmed to Cherami, and so alleged in defendant's answer. The case was tried on that issue and after the trial was completed the Cherami heirs were convinced that Bouvier's land was not part of the grants of land claimed in their petition, and voluntarily dismissed their suit against him.

Bouvier's further defense, that under the agreement he was not to pay in the same proportion and on the same percentage basis as the other defendants, is not supported by the evidence. The evidence shows that the sum claimed of him is the amount which he properly owes under the agreement.

The extremely painstaking and ably conducted research work of the plaintiffs successfully defended Bouvier.

The judgment in favor of the plaintiffs is correct.

Judgment affirmed. Defendant to pay the cost in both courts.